Donald MARSH, Appellant,

v.

**KENTUCKY FARMERS BANK, Appellee.**

Court of Appeals of Kentucky.

Aug. 29, 1986.

Garis L. Pruitt, Catlettsburg, for appellant.

James E. Adkins, II, Catlettsburg, for appellee.

Before HAYES, C.J., and COMBS and DUNN, JJ.

DUNN, Judge.

Donald Marsh appeals from a summary judgment entered in the Boyd Circuit Court in this foreclosure action on a note and mortgage.

The sole issue raised on appeal is whether the special judge, Johnson Circuit Court Judge James A. Knight, erred in rendering his decision on the motion for summary judgment while he was physically present in Johnson County rather than traveling to Boyd County to render the decision and enter the summary judgment. Johnson County is in the 24th judicial circuit and Boyd County is in the 32nd judicial circuit.

This issue was first raised by the appellant in a motion to alter, amend or vacate which was filed several days after the entry of the judgment. The court overruled appellant's motion to alter, amend or vacate, citing the fact that appellant had failed to object to the court's entry of the judgment at Paintsville in Johnson County and further that the trial court did not hear any evidence or witnesses in the action but decided the matter solely on the record.

CR 77.02 states in pertinent part:

(1) All trials upon the merits, except as provided in rule 43.04, shall be conducted in open court and, so far as convenient, in a regular courtroom. All other acts or proceedings, except jury trials, may be done or conducted by a judge in chambers without the attendance of the clerk or other court officials, and at any place either within or without the judicial district; but no hearing, other than one ex parte, shall be conducted outside the judicial district without the consent of all parties affected thereby.

Thus, our decision hinges on whether or not the entry of an order in a summary judgment case constitutes a hearing under the rule. We hold that it does not. The only case of which we are aware involving this issue is *McGuire v. Hammond*, Ky., 405 S.W.2d 191 (1966), where the Court held that a deposition taken outside the judicial district was not a hearing pursuant to CR 77.02. Further, even if it were a

hearing, CR 61.01 prohibits reversal as it would constitute harmless error.

A hearing as generally defined,

... involves an opposite party, a defendant, and necessarily implies notice thereof to him; *it contemplates listening to facts and evidence* for the sake of adjudication. (Emphasis added).

39A C.J.S. HEAR p. 633 (1976). *See also* Black's Law Dictionary p. 852 (1968). In the present case, there was no hearing on the motion for summary judgment. The court decided it upon the already constituted record. Further, we note that appellant did not timely object to lack of venue and thereby waived it. Finally, the appellant makes no showing whatsoever that the result would have been different had the order been entered in Boyd County. Therefore, the error, if any, would not be prejudicial.

For these reasons, the judgment of the Boyd Circuit Court is AFFIRMED.

All concur.